UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

LONNIE GENE GREER, JR., )
)
    Petitioner, )
)
v. ) No. 2:16-CV-00119-JRG-CRW
)
UNITED STATES OF AMERICA, )
)
    Respondent. )

## **MEMORANDUM OPINION**

This matter is before the Court on Petitioner Lonnie Gene Greer, Jr.'s 28 U.S.C. § 2255 Motion [Doc. 1], his Supplemental Motions [Docs. 4 & 7], and the United States' Response in Opposition [Doc. 16]. For the reasons herein, the Court will deny Mr. Greer's motion.

### I.    Background

In 2013, a federal grand jury indicted Mr. Greer on multiple counts of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). [Indictment, Doc. 1, at 1–2, 2:13-CR-00073-1-JRG-CRW]. He entered into a plea agreement with the United States and pleaded guilty to one count of being a felon in possession of a firearm. [Plea Agreement, Doc. 27, 2:13-CR-00073-1-JRG-CRW]. He had four previous convictions under Tennessee law—three for aggravated burglaries and one for robbery—and at sentencing, they became a focal point under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). Under the ACCA, a defendant with a conviction for being a felon in possession of a firearm will receive an enhanced sentence[1]

---

[1] A felon who possesses a firearm normally faces a maximum penalty of ten years' imprisonment, 18 U.S.C. § 924(a)(2), and three years' supervised release, *id.* §§ 3559(a)(3) and 3583(b)(2), but if that felon possesses the firearm after having incurred three prior convictions "for a violent felony or serious drug offense, or both," the ACCA requires a fifteen-year minimum sentence, *id.* § 924(e)(1), and increases the maximum supervised release term to five years, *id.* §§ 3559(a)(1) and 3583(b)(1).

if he is an armed career criminal—i.e., someone who has committed at least three serious drug offenses or violent felonies. At the time, the ACCA defined a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "elements clause"); (2) "is burglary, arson, or extortion, involves use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). *Id.* § 924(e)(2)(B).

After determining that Mr. Greer was an armed career criminal based on his previous offenses for three aggravated burglaries and one robbery, the Court sentenced him to 180 months' imprisonment. [J., Doc. 61, at 2, 2:13-CR-00073-1-JRG-CRW]. Although he did not appeal the Court's sentence, he filed a § 2255 motion, in which he raised the Supreme Court's then-recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), and argued, in light of *Johnson*, that this Court should not have sentenced him under the ACCA because his Tennessee convictions for aggravated burglary and robbery no longer qualified as violent felonies. In *Johnson*, the Supreme Court held that the ACCA's residual clause is unconstitutionally vague, but it did not automatically invalidate all sentences under the ACCA. *See id.* at 606 ("Today's decision does not call into question application of the Act to. . . the remainder of the Act's definition of a violent felony.").

The Court reserved ruling on Mr. Greer's motion until the Sixth Circuit, in *United States v. Stitt*, 860 F.3d 854 (6th Cir. 2017) (en banc), addressed an issue that was germane to his case: whether Tennessee aggravated burglary constitutes a violent felony under the ACCA's enumerated-offense clause. *See* [United States' Resp. at 2 (stating that Mr. Greer's armed-career-criminal classification, at the time, depended on whether the offense of Tennessee aggravated

2

burglary met the definition of a violent felony under the ACCA's enumerated-offense clause). In *Stitt*, the Sixth Circuit ultimately went on to hold that "a conviction for Tennessee aggravated burglary is not a violent felony for purposes of the ACCA." 860 F.3d at 856.

Relying on *Johnson* and *Stitt*, this Court granted Mr. Greer's § 2255 motion, vacated the judgment, and ordered a resentencing hearing, [Mem. Op., Doc. 85, at 4–8, 2:13-CR-00073-1-JRG-CRW; J., Doc. 86, at 1, 2:13-CR-00073-1-JRG-CRW], and after holding a resentencing hearing, it sentenced him without the ACCA's enhancement to 120 months, [Second J., Doc. 98, at 2, 2:13-CR-00073-1-JRG-CRW]. The Supreme Court, however, later reversed *Stitt*, *United States v. Stitt*, 139 S. Ct. 399, 408 (2018), prompting the United States to appeal Mr. Greer's amended sentence and argue for the reinstatement of his original 180-month sentence, *see Greer v. United States*, 780 F. App'x 352, 353 (6th Cir. 2019). The Sixth Circuit vacated this Court's grant of *Stitt*-based relief to Mr. Greer and remanded the case with instructions for this Court to reinstate the original 180-month sentence, *id.*, and this Court did so, [Order, Doc. 111, at 1, 2:13-CR-00073-1-JRG-CRW].

Mr. Greer has now filed a new § 2255 motion, in which he challenges his most recent sentence, i.e., the reinstated 180-month sentence. In his motion, he relies on *Borden v. United States*, 141 S. Ct. 1817 (2021), to contend that his prior Tennessee convictions for aggravated burglary and robbery do not constitute violent felonies under the ACCA because they require only reckless conduct. The United States opposes his motion. Having carefully considered Mr. Greer's motion and the parties' arguments, the Court is now prepared to rule on them.

## II. STANDARD OF REVIEW

Under § 2255, "[a] prisoner in custody under sentence of a [federal] court . . . claiming the right to be released . . . may move the court which imposed the sentence to vacate, set aside

3

or correct the sentence." 28 U.S.C. § 2255(a). A court must vacate and set aside a sentence if it concludes that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." *Id.* § 2255(b). The legal standard that governs collateral review under § 2255, as opposed to direct review on appeal, is significantly higher. *United States v. Frady*, 456 U.S. 152, 162–66 (1982); *see Hampton v. United States*, 191 F.3d 695, 698 (6th Cir. 1999) ("Habeas review is an extraordinary remedy and 'will not be allowed to do service for an appeal.'" (quoting *Reed*, 512 U.S. at 354)). This is so because "[t]he reasons for narrowly limiting the grounds for collateral attack on final judgments are well known and basic to our adversary system." *Addonizio*, 442 U.S. at 184 (footnote omitted); *see Custis v. United States*, 511 U.S. 485, 497 (1994) ("'[I]nroads on the concept of finality tend to undermine confidence in the integrity of our procedures' and inevitably delay and impair the orderly administration of justice." (quotation omitted)); *Parke v. Raley*, 506 U.S. 20, 29 (1992) (referring to a "presumption deeply rooted in our jurisprudence: the 'presumption of regularity' that attaches to final judgments" (quotation omitted)).

"A prisoner seeking relief under § 2255 'must allege as a basis for relief: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (quotation omitted). To obtain relief for a denial or infringement of a constitutional right, a petitioner has to establish an "error of constitutional magnitude which had a substantial and injurious effect or influence on the [underlying] proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v.*

4

*Abrahamson*, 507 U.S. 619, 637–38 (1993)). To obtain relief for a non-constitutional claim, a petitioner must establish that a fundamental defect in the proceeding resulted in a complete miscarriage of justice or an egregious error that deprived him of "the rudimentary demands of fair procedure." *Reed v. Farley*, 512 U.S. 339, 354 (1994); *see Grant v. United States*, 72 F. 3d 503, 505–06 (6th Cir. 1996).

A petitioner has the burden of proving that "an error has occurred that is sufficiently fundamental to come within" one of the three "narrow limits" for § 2255 relief. *United States v. Addonizio*, 442 U.S. 178, 185 (1979); *see Pough*, 442 F.3d at 964. To discharge this burden, a petitioner must allege sufficient facts showing entitlement to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972). "Generally, courts have held that 'conclusory allegations alone, without supporting factual averments, are insufficient to state a valid claim under § 2255.'" *Jefferson v. United States*, 730 F.3d 537, 547 (6th Cir. 2003) (quotation and citation omitted). And similarly, if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," he will not receive an evidentiary hearing. *Smith v. United States*, 348 F.3d 545, 550 (6th Cir. 2003) (quoting *Fontaine v. United States*, 411 U.S. 213, 215 (1973)).

### III.  ANALYSIS

In *Borden*—which, again, is Mr. Greer's lone source of authority for arguing that his prior Tennessee convictions for aggravated burglary and robbery are not violent felonies under the ACCA because they require only reckless conduct—the Supreme Court addressed "whether the elements clause's definition of 'violent felony' . . . includes criminalizing reckless conduct"[2] and "h[e]ld that it does not." 593 U.S. at 429 (footnote omitted). The upshot of *Borden* is that

---

[2] The prior conviction at issue in *Borden* was "reckless aggravated assault in violation of Tennessee law." *Borden*, 593 U.S. at 424.

5

"[o]ffenses with a *mens rea* of recklessness do not qualify as violent felonies under ACCA['s]" elements clause. *Id.* at 445.

But even if Mr. Greer's past Tennessee convictions for aggravated burglary and robbery no longer, in light of *Borden*, constitute violent felonies under the elements clause, Mr. Greer would still be an armed career criminal because, as the United States rightly argues, his three prior felonies for aggravated burglary qualify as violent felonies under the enumerated-offense clause. *Compare Stitt*, 139 S. Ct. at 406 (acknowledging that "the Act's term 'burglary' must include 'ordinary,' 'run-of-the-mill' burglaries as well as aggravated ones" and holding that the defendant's prior convictions for aggravated burglary under Tennessee Code Annotated § 39-14-403(a) "fall[] within the scope of generic burglary's definition as set forth in [the enumerated-offense clause]" (citing *Taylor v. United States*, 495 U.S. 575, 597 (1990))), *with* [PSR, Doc. 32, ¶¶ 59–61, 2:13-CR-00073-1-JRG-CRW (listing three predicate offenses that were convictions for aggravated burglary in violation of Tennessee Code Annotated § 39-14-403)]. *Borden* therefore provides the Court with no basis to disturb Mr. Greer's 180-month sentence, and he is therefore not entitled to the extraordinary remedy of § 2255 relief.

Lastly, the Court must now determine whether to issue a certificate of appealability, which is necessary for Mr. Greer to appeal its ruling. 28 U.S.C. § 2253(a), (c)(1)(B). The Court may issue a certificate of appealability only when a petitioner "has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). To make this showing when a court has rejected a petitioner's constitutional claims on the merits, that petitioner must demonstrate that reasonable jurists would find the court's assessment of those claims "debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Having addressed the merits of Mr. Greer's claim, the Court does not conclude that reasonable jurists would find that its rejection of his claim is

debatable or wrong. The Court will therefore decline to issue a certificate of appealability to Mr. Greer.

## IV. Conclusion

As the petitioner under § 2255, Mr. Greer fails to meet his burden of establishing that his conviction and sentence were in violation of the Constitution, or that a fundamental defect resulted in either a complete miscarriage of justice or an egregious error. His motion [Doc. 1] and supplemental motions [Docs. 4 & 7] are therefore **DENIED**. The Court will enter an order consistent with this opinion.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
